OPINION
{¶ 1} Defendant-appellant, Blue Cross/Blue Shield ("BCBS"), appeals the decision of the Madison County Court of Common Pleas finding that BCBS is not entitled to reimbursement for medical expenses paid on behalf of plaintiff-appellee, Anne Marie Harvey. We affirm the common pleas court's decision.
 {¶ 2} Appellee was severely injured in an automobile accident on February 23, 1999. Appellee subsequently filed a negligence action against another driver, Yong Hwang. In her complaint, appellee also asserted a claim based on Scott-Pontzer v. Liberty Mut. Fire Ins. Co.,85 Ohio St.3d 660, 1999-Ohio-292, naming her employer and several insurance companies who had policies with her employer as additional defendants. Appellee also named BCBS in her complaint, alleging that BCBS "may claim an interest in this case by virtue of the payment of medical benefits to * * * [appellee]." As to BCBS, appellee sought the following relief: "A declaration by this Court setting forth * * * [BCBS's] right to assert recovery for medical benefits it has paid on * * * [appellee's] behalf[.]" Appellee subsequently filed an amended complaint, which, with regard to BCBS, contained the same allegations and the same request for relief as the original complaint.
 {¶ 3} BCBS filed an answer to appellee's amended complaint. Paragraph 21 of appellee's amended complaint stated that BCBS "may claim an interest relating to this action as an assignor, assignee, subrogor or subrogee, and * * * is joined to this action pursuant to * * * [Civ.R.] 19(A)." BCBS's response to that paragraph was, "Admit." Paragraph 44 of appellee's amended complaint stated that BCBS "may claim an interest in this case by virtue of the payment of medical benefits to * * * [appellee]." BCBS's response to that paragraph was, "Deny for want of knowledge." In its answer, BCBS prayed that "its subrogation claim and any other claim which is applicable be protected, and that it be granted judgment for all amounts paid on behalf of * * * [appellee]."
 {¶ 4} Appellee subsequently filed a second amended complaint, which, with regard to BCBS, contained the same allegations and the same request for relief as the earlier two complaints. BCBS did not file an answer to appellee's second amended complaint.
 {¶ 5} On February 11, 2002, appellee filed an application for default judgment in the common pleas court due to BCBS's failure to answer the second amended complaint. In that application, appellee asserted that she was "entitled to judgment by default against * * * [BCBS] for any claim for subrogation or reimbursement it may assert." While BCBS represents that it never received the application, the certificate of service attached to the application indicates that it was served upon counsel for BCBS. On February 13, 2002, the common pleas court entered a default judgment against BCBS due to its failure to answer appellee's second amended complaint.
 {¶ 6} On August 26, 2002, approximately six months after default judgment was entered, BCBS filed a document in the common pleas court entitled, "Notice of the Continued Pendency of the Rights of * * * [BCBS]." In that document, BCBS asserted that its rights relative to appellee were still before the common pleas court and were ripe for review. BCBS stated that the default judgment only meant that BCBS had admitted the allegations in the complaint, specifically that BCBS "may have an interest" in the case. According to BCBS, the court was required to determine the extent of BCBS's interest "through trial or otherwise." Appellee filed a response to BCBS's document, arguing that the document should have no substantive effect. The record does not show that any action was taken by the common pleas court with regard to BCBS's August 26, 2002 filing.
 {¶ 7} In its appellate brief, BCBS states that at a September 10, 2002 status conference, it had an "off the record" discussion with the common pleas court judge regarding its rights in the action. According to BCBS, the judge indicated that BCBS's interest in the action would be better addressed after a scheduled trial involving appellee and another named defendant. BCBS states that because of that discussion, it did not attend that trial or file leave for summary judgment at that time, but waited until the conclusion of the trial.
 {¶ 8} From October 7, 2002 to October 11, 2002, the common pleas court held a jury trial between appellee and the remaining defendant, Illinois National Insurance Company. At the conclusion of the trial, the jury rendered a verdict in favor of appellee and awarded damages to appellee in the amount of $20,759,269.53. Because the jury found that appellee was 30 percent negligent, appellee's net award was $14,531,488.68.
 {¶ 9} According to BCBS, the common pleas court requested that post-trial briefs be filed on the subrogation issue. Therefore, on October 28, 2002, BCBS filed a document entitled, "Brief in Support of Enforcement of Subrogation." BCBS argued that it was entitled to $377,778.68 of the "settlement and judgment proceeds" received by appellee. On November 7, 2002, BCBS filed a summary judgment motion, again arguing that it was entitled to collect $377,778.68 as reimbursement for medical expenses paid on appellee's behalf. Appellee filed a responsive pleading, arguing that the court should deny BCBS's motion because of the default judgment entered against BCBS.
 {¶ 10} In a decision filed December 30, 2002, the common pleas court ruled in favor of appellee. The court found that, pursuant to Civ.R. 56(A) and (B), BCBS's summary judgment motion was untimely because it was filed "post pre-trial, trial and verdict," and without leave of court. The court found that the previously entered default judgment rendered BCBS "unable to asserts its rights in summary judgment." Consequently, the court determined that BCBS could not collect from appellee. BCBS now appeals that decision, assigning four errors.
 {¶ 11} Assignment of Error No. 1:
 {¶ 12} "The court committed reversible error by failing to follow the language of Civ.R. 54(C); assumptions as to the effect of default are incorrect."
 {¶ 13} Assignment of Error No. 2:
 {¶ 14} "The court below committed reversible error in entering default judgment as a defense was on the record."
 {¶ 15} Assignment of Error No. 3:
 {¶ 16} "The court below committed reversible error by not conducting a hearing prior to entering default judgment."
 {¶ 17} Assignment of Error No. 4:
 {¶ 18} "The court below committed reversible error by denying basic due process to appellant."
 {¶ 19} Civ.R. 56(B) states as follows:
 {¶ 20} "A party against whom a claim, counterclaim, or crossclaim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for summary judgment in the party's favor as to all or any part of the claim, counterclaim, cross-claim, or declaratory judgment action. If the action has been set for pretrial or trial, a motion for summary judgment may be made only with leave of court."
 {¶ 21} As the common pleas court noted, BCBS filed its summary judgment motion "post pre-trial, trial and verdict," and after a default judgment had been entered against it. BCBS, a party against whom a declaratory judgment was sought, did not seek and was not granted "leave of court" before filing its motion. Under those circumstances, we do not find error by the common pleas court in ruling that BCBS's summary judgment motion was untimely and in not considering the motion. SeeSecond Natl. Bank of Warren v. Ohio Dept. of Human Services (Sept. 30, 1998), Trumbull App. Nos. 97-T-0130, 97-T-0131, 97-T-0132, 1998 WL 684684, at *4; Medley v. City of Portsmouth (Dec. 23, 1996), Scioto App. No. 96 CA 2426, 1996 WL 737587, at *8.
 {¶ 22} BCBS's assignments of error address whether the common pleas court's entry granting default judgment was proper. However, regardless of whether the default judgment was properly entered, BCBS did not file its summary judgment motion with leave of court in accordance with Civ.R. 56(B). Therefore, the common pleas court could not grant the relief sought and did not err in the December 30, 2002 decision appealed by BCBS.
 {¶ 23} With regard to the "off the record" discussion with the common pleas court judge that BCBS states took place, we cannot base our decision on what is not in the record. See Napper v. Napper, Allen App. No. 1-02-82, 2003-Ohio-2719, at ¶ 5. Our review of this case is confined to the record as defined in App.R. 9(A): "[t]he original papers and exhibits thereto filed in the trial court, the transcript of proceedings, if any, including exhibits, and a certified copy of the docket and journal entries prepared by the clerk of the trial court[.]" The record before us shows that BCBS did not file its summary judgment motion in accordance with Civ.R. 56, and that the common pleas court could not grant the relief sought.
 {¶ 24} Accordingly, we overrule BCBS's four assignments of error and affirm the judgment of the common pleas court.
Young, P.J., and Valen, J., concur.
Valen, J., retired, of the Twelfth Appellate District, sitting by assignment of the Chief Justice, pursuant to Section 6(C), Article IV of the Ohio Constitution. At the time this case was submitted, Judge Valen was a duly elected judge of the Twelfth District Court of Appeals.